McKinney, J..,
delivered the opinion of the Court.
• This was an action of assumpsit, founded on a promissory note for $3805.35, made by the Mississippi Central and Tennessee Railroad Co., payable to R. P. Neely, and by him indorsed to the defendants in error. The suit is against the maker and indorser jointly. Pleas, non-assumpsit and payment. .Judgment in favor of the ■plaintiffs against both defendants. 'To reverse which judgment, Neely, the indorser, for himself, has brought ■the case to this Court by writ of error.
The principal error insisted on is, the admission of .the protest and certificate of the notary, as evidence to ■the jury.
The note was indorsed in blank, and the address of Neely, the indorser, was written underneath his name, ■thus: “Bolivar, Tennessee.”
The protest shows on its face, that A. Woodward, ■,the notary, was a notary public for the county of .Shelby. That, at the request of Morris, Tanner & Co., he presented the note for payment at the office of R. J?. Neely, president of said railroad, in Bolivar. And ¡he certifies that he left a written notice of protest at rsaid office, addressed to Neely, who was absent.
This protest was a nullity. Under our statute, the •.authority of a notary public is confined to the county rfor which he was appointed and commissioned. Act of *597 1835, ch. 11. He has no more power or authority to do an official act in a different county, than a justice of the peace, or other county .officer.
It is well settled, as a general principle, that protest of a bill or note must be made by a notary at the place of fayment. In the present case, the place of payment was Bolivar, in the county of Hardeman— the address of the indorser on the face of the note, and the place of his residence. The protest should, therefore, have been made by a notary of Hardeman county. The protest purports, on its face, to have been made in the city of Memphis, the residence of the notary. But whether made in Memphis or in Bolivar, is unimportant; in either case it is alike void. 3 Kent’s Com., 120; Story on Bills.
The next error assigned, is the refusal of the Court to instruct the jury, that it was incumbent on the plaintiffs to prove that they were partners, as alleged in the declaration, or had a joint interest in the note sued on. The Court held that this was not necessary, as that matter had not been put in issue by the pleadings.
The rule upon this subject seems to be, that where several persons sue as indorsees of a bill, if the bill appears indorsed in Hank, there is no necessity for their proving that they were in partnership together, or that the bill was indorsed or delivered to them jointly. Chitty on Bills, (7th Am. ed.,) 393. The indorsement in blank conveys a joint right of action to as many as agree in suing on the bill. 3 Camp , 239. And it is not incumbent on the plaintiffs, in such case, to prove their joint title to sue on the bill, by showing that they *598 were partners, or proving a transfer to them jointly. 1 Starkie’s Rep. 446.
But when' a hill is payable or indorsed specially to a firm, it must be proved that the firm consists of the persons who sue as plaintiffs on the record. Chitty on Bills, 394; 1 Stark. Rep, 499; 10 Hum., 493.
There is some confusion in the bill of exceptions upon the point, whether the indorsement of the note in question was made in blank, or specially to the firm of Morris, Tanner & Co. But, from the whole record, it is apparent that it was in blank, and, most probably, was filled up during the trial. This point was therefore decided correctly. But on the other ground, the judgment must be reversed.